UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH PIERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CV-0512-CVE-TLW |
| | ) |
| ST. JOHN MEDICAL CENTER- | ) |
| BROKEN ARROW, LAW OFFICES | ) |
| OF WORKS & LENTZ, INC, and HARRY | ) |
| A. LENTZ, JR, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter comes before the court sua sponte on a complaint (Dkt. # 1) filed by plaintiff. The Court addresses plaintiff's complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" See 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)); see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff asserts twenty-seven causes of action against defendants, including "constitutional violations under 42 U.S. Code § 1981" and various state-law causes of action. Dkt. # 1, at 2. Plaintiff's complaint appears to stem

from a collection attempt on an outstanding medical bill. See Dkt. # 1, at 3. Attached to plaintiff's complaint is a letter plaintiff received from the law firm of Works & Lentz, signed by Harry Lentz, attempting to collect an outstanding balance of $869.02 on behalf of St. John Medical Center-Broken Arrow. Id. Plaintiff thereafter filed his complaint, asserting that St. John Medical Center-Broken Arrow violated his rights by cancelling a scheduled colonoscopy. Id. at 1-2. Plaintiff's complaint provides a detailed account of his medical issues requiring him to undergo a colonoscopy, his preparation for his colonoscopy, and the last-minute cancellation after hospital officials discovered that plaintiff intended to take a cab home from the hospital. Id.

Plaintiff purports to assert claims under the United States Constitution, thus giving this Court jurisdiction over his constitutional claims and supplemental jurisdiction over his state-law claims. But, even construing plaintiff's complaint liberally, it cannot be read to assert a constitutional violation. Although plaintiff complains that his cancelled colonoscopy violated his free will and resulted in a fraudulent bill for a medical procedure he did not receive, none of this can state a § 1981 claim. Section 1981 prohibits racial discrimination in the making and enforcement of private contracts. CBOCS West, Inc. v. Humphries, 553 U.S. 442 (2008). Plaintiff simply fails to allege racial discrimination related to a contract, or otherwise allege any violation of a federal law. Plaintiff instead challenges the validity of a collection action and a hospital's decision to cancel a medical procedure. Because the complaint does not allege any constitutional violation or other violation of federal law, plaintiff has no claim over which this Court has jurisdiction. Regardless of plaintiff's pro se status, the Court cannot permit plaintiff to proceed with the lawsuit when the Court lacks subject matter jurisdiction over his claims.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff motion to proceed in forma pauperis (Dkt. # 2) is **granted** and he does not owe the filing fee.

**DATED** this 5th day of August, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE